**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGEL EDUARDO CASTANEDA
CIFUENTES, by his next friend, ROXANA
NOEMI RECINOS HERNANDEZ DE
CASTANEDA,

               Petitioner,                     9:26-CV-450 (AJB)

    -v-

SUPERINTENDENT OF BROOME COUNTY
SHERIFF'S CORRECTIONAL FACILITY et al,

               Respondents.

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**DECISION and ORDER**</u>

## I.     INTRODUCTION

On March 23, 2026, Roxana Noemi Recinos Hernandez De Castaneda ("Mrs. De Castaneda"), proceeding pro se, filed this verified petition pursuant to 28 U.S.C. § 2241 (the "Petition"), as next friend to her husband, Angel Eduardo Castaneda Cifuentes ("petitioner") challenging the legality of petitioner's detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE detained petitioner in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Dkt. No. 1 at 2–5. Respondents[1] are Superintendent of the Broome County Correctional Facility, Frederick J. Ashkar II, and United States Immigration and Customs Enforcement ("ICE"), (collectively, "respondents"). *Id.* at 2–3. The Petition seeks a writ of habeas corpus granting petitioner's release from custody or, alternatively ordering prompt review of his detention. *Id.* at 4. Respondents oppose the Petition. Dkt. Nos. 6–7.

---

[1] This Court has personal jurisdiction over petitioner's immediate custodian, the Broome County Sheriff, who is located in the Court's territorial jurisdiction.

## II.   BACKGROUND

Petitioner, a Guatemalan citizen, has been living in the United States for at least five years. Dkt. No. 1 at 2, 60.  Petitioner was not detained upon entry into the United States, does not have any criminal convictions, and does not have a removal order.  Dkt. No. 7 at 2–3; Dkt. No. 7-1 at 2–4.  Petitioner and Mrs. De Castaneda were married in Guatemala in 2016, *see* Dkt. No. 1 at 26–28, and the two have three children together—the youngest of whom was born in the United States.  *Id.* at 3–4, 21, 31.  Petitioner has provided letters of support from his family, friends, former and current employers, and his religious leader attesting to his strong moral character and contributions to his community over the past several years.  *Id.* at 20–22, 54–56.

On November 30, 2025, petitioner was apprehended by ICE agents in Maryland pursuant to an administrative warrant, Dkt. No. 7-3, at which time he was taken into custody and placed in removal proceedings.  Dkt. No. 7-1 at 2–4; 7-2 at 1–5.  At some point, he was transferred to Broome County Correctional Facility in Binghamton, New York, where he is currently being held.  Dkt. No. 7-2 at 4.

## III.   DISCUSSION

Before reaching the merits of the Petition, there are two preliminary issues that the Court must address.  First, respondents contend that Mrs. De Castaneda has not established standing to bring the Petition on her husband's behalf.  Dkt. No. 7 at 2 n.1.

A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*"  28 U.S.C.A. § 2242 (emphasis added).  "A person acting on behalf of the person for whom the habeas petition is filed is known as a 'next friend.'" *Iza by Iza v. Larocco*, --- F. Supp. 3d ----, 2026 WL 31378, at *8 (E.D.N.Y. Jan. 5, 2026) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 161 (1990)).

The Court finds that Mrs. De Castaneda has met the requirements for next friend standing, based on her representations, the length and nature of her relationship with petitioner, and the circumstances of petitioner's arrest and ongoing detention.[2] *See Doe v. Hochul*, 139 F.4th 165, 177 (2d Cir. 2025) ("As the Supreme Court has explained, there are 'at least two firmly rooted prerequisites for next friend standing.' 'First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.'" (quoting *Whitmore*, 495 U.S. at 163)).

Next, respondents contend that habeas relief is unavailable, because petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Dkt. No. 7 at 2.

The Court disagrees.  As respondents point out, this Court and many others within the Circuit have held that § 1225(b)(2)(A) does not govern the detention of noncitizens like petitioner, who were arrested while residing in the United States; those detentions are governed by 8 U.S.C. § 1226(a).  *See, e.g.*, *Euriza Alvarez v. Philips*, Case No. 9:26-cv-00058-AJB, Dkt. # 11 (Feb. 17, 2026); *Gaspar v. Akshar*, 2026 WL 699369, at *5 (N.D.N.Y. Feb. 17, 2026); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 490 (E.D.N.Y. 2025);; *Da Cunha v. Freden*, 2025 WL 3280575, at *6 (W.D.N.Y. Nov. 25, 2025); *Tumba v. Francis*, 2025 WL 3079014, at *5 (S.D.N.Y. Nov. 4, 2025); *Romero v. Francis*, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025).

Materials submitted in connection with the Petition demonstrate that petitioner has been living in the United States for at least five years.  *See* Dkt. No. 1 at 22 (stating that petitioner has

---

[2] In recent months, district courts throughout this Circuit have decided habeas petitions brought by a next friend having a significant relationship to a detainee.  *See, e.g.*, *Olivares v. ICE Custodian*, 2026 WL 686090 (N.D.N.Y. Mar. 11, 2026); *Ndoye v. Joyce*, 2026 WL 306387 (S.D.N.Y. Feb. 5, 2026); *Mcdonald v. Francis*, No. 25-CV-09355, 2025 WL 3295906 (S.D.N.Y. Nov. 26, 2025); *Malets v. Francis*, 2025 WL 3484882 (S.D.N.Y. Dec. 4, 2025); *Iza by Iza*, 2026 WL 31378, at *8.

been a member of his church in Maryland since 2020), 55 (indicating that petitioner has been an active member in his church since his first year in the United States); *see also* 60 (IRS Form 1040 dated 2020).

Moreover, respondents' own documentation indicates that petitioner's arrest was authorized by § 1226(a), *not* § 1225(b)(2)(A).  *See* Dkt. No. 7-3.  The administrative warrant that directed petitioner's arrest was issued to immigration officers "authorized pursuant to section[ ] 236 . . . of the Immigration and Nationality Act . . . to serve warrants of arrest for immigration violations."  *See* Dkt. No. 7-3.  Section 236 of the Immigration and Nationality act is codified at 8 U.S.C. § 1226.  *See* Credits, 8 U.S.C. § 1226.  Thus, the warrant shown to petitioner on the date of his arrest indicated that he was being detained under the *discretionary* detention provision of § 1226(a), rather than the mandatory detention provision of § 1225(b)(2)(A).

In sum, the Court finds that petitioner, who had resided in the United States for at least five years at the time of his apprehension, was detained under § 1226(a), which permits but does not mandate the detention of noncitizens during the pendency of removal proceedings.

Moving to the merits of the Petition, petitioner argues that he is entitled to habeas relief because his ongoing detention violates his due process rights.  Dkt. No. 1 at 2–4.[3]

"[T]he Fifth Amendment entitles noncitizens to due process of law."  *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).  The Second Circuit applies the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine the adequacy of the process

---

[3] Section 1226 contains a jurisdiction stripping provision precluding courts from setting aside any action or discretionary decision made by the Attorney General pursuant to that section.  8 U.S.C. § 1226(e).  But the Supreme Court and Second Circuit have made clear that this provision does not "does not preclude challenges to 'the extent of the Government's detention authority under the statutory framework as a whole.'"  *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)).  Nor does it bar habeas review.  *See* citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.").

afforded to a noncitizen detained under § 1226(a). *Id.* In *Mathews*, the Supreme Court identified three factors that bear on the constitutional need for additional procedural protections: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Applying the *Mathews* test here, the Court finds that petitioner's detention of over four months without the opportunity for a bond hearing violated his due process rights.

First, "the private interest affected by the official action is the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851. Petitioner has been separated from his family in Maryland and held in a correctional facility in New York for over four months. *See* Dkt. No. 1 at 2–4. This amounts to a substantial deprivation. Petitioner was not detained pursuant to a criminal adjudication, yet he has been unable to "maintain employment or see his family or friends or others outside normal visiting hours." *Velasco Lopez*, 978 F.3d at 851. Additionally, because of the misclassification of his detention as mandatory under § 1225(b)(2)(A), petitioner lacked an administrative mechanism to challenge his detention. In all, this factor cuts in petitioner's favor.

Second, the risk of erroneous deprivation is high, especially given that respondents' misclassification of petitioner's detention status has deprived petitioner of the regulatory procedures available to those detained under § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also*

*Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[A] noncitizen detained under § 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge."). There is no indication in the record that petitioner received a bond hearing at the outset of his detention. *See* Dkt. Nos. 1 & 7. Because respondents' misclassification has already erroneously deprived petitioner of regulatory procedural protections for over four months, this factor also weighs in favor of petitioner.

Third, any government interest in petitioner's continued detention is diminished by the fact that he is detained under § 1226(a), and there has been no individualized determination that he presents a risk of flight or danger, as would justify continued detention under § 1226(a) and its enabling regulations. *See* 8 U.S.C. § 1226(a); 8 C.F.R. 236.1 (c)(8) (stating that an officer may release a noncitizen under § 1226(a)(2)–(3) where the officer is satisfied that the noncitizen's "release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). As the Second Circuit explained in *Velasco Lopez*, "[w]hen the Government incarcerates individuals it cannot show to be a poor bail risk for prolonged periods of time . . ., it separates families and removes from the community breadwinners, caregivers, parents, siblings and employees." 978 F.3d at 855; *see also* Dkt. No. 1 at 21 (stating that petitioner was "the primary financial provider" for his family and that petitioner "works and supports [his] family by providing for housing, food, utilities, and other essential expenses"). Furthermore, respondents do not contend that petitioner is a flight risk or that his release would present a danger to his community. Dkt. No. 7. In fact, respondents' documentation states that petitioner has no criminal record, Dkt. No. 7-1 at 4, and the evidence submitted by petitioner indicates that he has strong family and community ties. Dkt. No. 1 at

21–22, 47–56.  These circumstances further diminish the government's interest in petitioner's continued detention without an individualized bond determination.

In sum, based on the weight of the *Mathews* factors, the Court finds that petitioner was denied constitutionally adequate process.

Respondents submit that, rather than ordering petitioner's release, the appropriate remedy for any due process violations is a bond hearing during which petitioner bears the burden of demonstrating his entitlement to release.  Dkt. No. 7 at 3.  While the Court agrees that due process does not require petitioner's immediate release, and that petitioner is entitled to a bond hearing, the Court finds that the burden of proof at the hearing should be shifted to respondents to justify petitioner's continued detention.  *See Black v. Decker*, 103 F.4th 133, 154 (2d Cir. 2024) ("To require that the Government justify continued detention 'promotes the Government's interest—one we believe to be paramount—in minimizing the enormous impact of incarceration in cases where it serves no purpose.'" (quoting *Velasco Lopez*, 978 F.3d at 854)).

Accordingly, respondents must ensure that petitioner receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days of this Memorandum Opinion and Order; if no hearing is held by that deadline, respondents shall immediately release petitioner.  At the hearing, respondents shall bear the burden of proving, by clear and convincing evidence, that petitioner is a danger to the community or a risk of flight. The Petition is denied insofar as it seeks immediate release or a bond hearing before this Court.  Additionally, respondents are prohibited from transferring petitioner outside of this Court's jurisdiction during the pendency of this civil action.

IV.    **CONCLUSION**

**ORDERED** that

1.  The Petition for a writ of habeas corpus (Dkt. No. 1) is **GRANTED**;

2.  Respondents shall afford petitioner an individualized bond hearing, within 10 days, before an immigration judge, where the government bears the burden of proving, by clear and convincing evidence that petitioner is either a flight risk or a danger to the community, justifying his continued detention without bond;

3.  Respondents shall certify compliance with this Order by filing a status report by April 19, 2026; and

4.  Respondents are enjoined from transferring petitioner outside of the Northern District of New York until this civil action is resolved.

The Clerk of the Court is directed to terminate the pending motions.

**IT IS SO ORDERED.**

Dated:  April 8, 2026
           Utica, New York.

Anthony J. Brindisi
U.S. District Judge